UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,

    Plaintiff,

v.                                                CASE NO. 8:17-cv-1634-T-23TBM

SHUMAKER, LOOP &
KENDRICK, LLP,

    Defendant.
_____/

## **ORDER**

Shumaker, Loop & Kendrick attorney Ronald Christaldi negotiated for Alps South, LLC, an exclusive license to use two AEI patents in the production of apparel for people with a prosthetic limb. Soon after the Alps South-AEI agreement, Alps South sued the Ohio Willow Wood Company for infringing the patents.[1] Christaldi and another Shumaker attorney, David Wicklund, represented Alps South in the infringement action. (Doc. 1 at ¶¶ 19–23)

Ohio Willow Wood moved to dismiss and argued that Alps South lacked standing to sue under 35 U.S.C. § 281, which affords a "patentee" the right to sue for patent infringement. But long-standing precedent excludes as a "patentee" a licensee

---

[1] *Alps South, LLC v. Ohio Willow Wood Co.*, case no. 8:08-cv-1893 (M.D. Fla.) (Covington, J.)

that enjoys the right to exclude in fewer than all of the "fields of use" to which the patent applies. *Alps South, LLC v. Ohio Willow Wood* Co., 787 F.3d 1379 (Fed. Cir. 2015) (citing *Waterman v. Mackenzie*, 138 U.S. 252 (1891), and *Pope Mfg. Co. v. Gormully & Jeffery Mfg. Co.*, 144 U.S. 248 (1892)). The district court initially denied the motion but later expressed doubt that Alps South could sue under the Patent Act. Shumaker unsuccessfully attempted to cure Alps South's lack of standing through a "*nunc pro tunc*" agreement with AEI. *Alps South*, 787 F.3d at 1384.

During the infringement action, the Patent and Trademark Office re-examined the two patents. According to Alps South, John Chen (the inventor and the owner of AEI) persuaded the Patent and Trademark Office to accept a "needless claim limitation that resulted in the creation of [i]ntervening [r]ights in favor of [Ohio Willow Wood], thereby limiting [Alps South's] recovery of its complete economic damages." (Doc. 1 at ¶ 41) Alps South claims that a reasonably competent and diligent attorney would "control[] and monitor[]" the re-examination to prevent a reduction in the damages available to Alps South. (Doc. 1 at ¶¶ 42–45) Also, Alps South claims that Shumaker failed to inform Chen about the consequence of Chen's requested amendment and failed to inform Chen, AEI, and Alps South that each party required separate counsel. (Doc. 1 at ¶¶ 45–46)

Despite the standing defect, the district court tried the infringement action but excluded the opinion of Alps South's damages expert, Dr. Mellish. According to the complaint, Shumaker hired Mellish six days before the expiration of the time within

which to disclose an expert report, and Shumaker's allegedly tardy hiring afforded Mellish no opportunity to conduct a market study before the close of discovery. (Doc. 1 at ¶¶ 49–51) Alps South attributes the exclusion of Mellish's testimony to Shumaker's failure to hire Mellish sooner and to adequately prepare for the trial. A jury awarded Alps South $4 million, and the district court doubled the damages based on a finding of Ohio Willow Wood's willful infringement. Alps South won $15 million, including an attorney's fee.

Holding that Alps South lacked standing under Section 281, the Federal Circuit vacated the judgment for Alps South and directed the district court to enter judgment for Ohio Willow Wood. 787 F.3d at 1386. The Supreme Court denied Alps South's petition for a writ of certiorari. 136 S. Ct. 897 (2016).

After the denial, Alps South sued Shumaker in the Circuit Court for Hillsborough County and claimed legal malpractice and breach of a fiduciary duty.[2] Observing that the alleged malpractice occurred in a patent infringement action, the state-court judge concluded that 28 U.S.C. § 1338 vested in a federal court exclusive jurisdiction over the malpractice action. Section 1338(a) provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents" and that "[n]o state court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents." Rather

---

[2] Case no. 16-ca-11166 (2016).

than dismiss, the state-court judge stayed the action and compelled Alps South to sue in the district court.

As ordered by the state-court judge, Alps South sues (Doc. 1) Shumaker under Florida law for legal malpractice and breach of a fiduciary duty. The complaint asserts no claim under the Constitution or a federal statute, and the parties' shared citizenship in Florida (Doc. 1 at ¶ 4) precludes diversity jurisdiction. Also, Alps South requests a declaratory judgment that the federal judiciary lacks exclusive jurisdiction over this legal-malpractice action. (Doc. 1 at ¶¶ 7–15) Federal jurisdiction can exist only if Alps South's state-law claims present a "substantial" question of federal law resolvable by the district court without disrupting the "federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251 (2013).

In response to a January 31, 2018 order (Doc. 30) that directs Shumaker to identify a basis for federal jurisdiction, Shumaker argues that Supreme Court erred in deciding *Gunn* and that the Alps South's state-law claims present a "substantial" question of federal law.

**DISCUSSION**

*Gunn* explains that a state-law claim for legal malpractice involving botched patent litigation "rarely, if ever, arise[s] under federal patent law for purposes of [Section] 1338(a)." 568 U.S. at 258. In *Gunn*, the plaintiff developed a computer program for securities trading and licensed the program to a securities broker. More than a year after licensing the program, the plaintiff applied for a patent, which the

- 4 -

Patent and Trademark Office issued, and the plaintiff sued several defendants for infringement. Citing Section 102(b) of the Patent Act, which prohibits a patent if the invention "was on sale in the United States" more than a year before the patent application, the defendants moved for summary judgment. Although Section 102(b) exempts from the "one-year bar" a sale to an "experimental user," the plaintiff's counsel failed to argue the experimental-use exception, and the district court granted summary judgment for the defendants. The Federal Circuit affirmed.

The plaintiff sued his former counsel in a Texas state court for legal malpractice, and the state-court judge granted summary judgment for the former counsel because no evidence supported the plaintiff's claim that an experimental use motivated the sale to the broker. On appeal, the plaintiff argued that the Texas state courts lacked jurisdiction over the legal-malpractice claim because the claim "arose under" patent law and because Section 1338 excluded state-court jurisdiction. The intermediate appellate court rejected the argument, but the Supreme Court of Texas concluded that Section 1338 vested in the federal judiciary exclusive jurisdiction over the legal-malpractice action.

Holding that the malpractice claim belonged in state court, *Gunn* explains that a state-law claim arises under federal law only if the state-law claim necessarily raises an actual and substantial dispute about federal law. 568 U.S. at 258. Also, the federal court's resolution of the state-law claim must not upset the "federal-state balance approved by Congress." 568 U.S. at 258. Although the malpractice claim in

*Gunn* necessarily raised a dispute about federal law (that is, the malpractice claim required the plaintiff to prove that the infringement action would have succeeded if the former counsel had asserted the experimental-use exception), the malpractice claim involved no "substantial" dispute about federal law. *Gunn* explains that a dispute about federal law is "substantial" only if the dispute "is significant to the federal system as a whole." 568 U.S. at 263–64. For example, in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), the IRS seized Grable's real property to satisfy Grable's tax delinquency and sold the property to Darue. Years later, Grable sued in state court to quiet title and argued that the IRS failed to notify Grable about the prospective sale in accord with a federal statute. Darue removed the quiet-title action to a federal district court, which held that Darue successfully invoked federal-question jurisdiction. The Supreme Court affirmed federal jurisdiction and stated that the United States maintains a "strong" and "direct" interest in "the availability of a federal forum to vindicate its own administrative action." *Grable*, 545 U.S. at 314–15. In other words, an erroneous adjudication by the state court risked prospectively impeding the United States's ability to satisfy tax delinquencies in hundreds or thousands of other actions.

Similarly, in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 90 (1921), a shareholder sued a bank under state law to enjoin the bank's purchase of bonds issued by a United States agency; the shareholder alleged the unconstitutionality of the federal law that authorized the bonds. A decision adverse to the bank threatened

the United States' ability to raise money — a "substantial" problem for the United States (to say the least). Unsurprisingly, the consequence to the United States of a state court's finding the federal bonds unconstitutional prompted the federal judiciary to exercise jurisdiction over the state-law claim.

In this action, Alps South's state-law claims necessarily involve several disputes about patent law (including standing under the Patent Act), but Alps South's claims raise no "substantial" dispute with systemic consequences for federal law. As in *Gunn*, the state-court judge's resolution of Alps South's state-law malpractice claims "will not change the real-world result of the prior federal patent litigation." 568 U.S. at 261.

Shumaker argues that dismissing this action for lack of subject-matter jurisdiction will force the state court to confront patent-law questions not resolved by the Federal Circuit, but none of those questions is "substantial." AEI's '109 and '253 patents expired years ago, which minimizes (or more accurately, eliminates) the prospect of a conflict between a state-court decision in this action and a federal decision in another infringement action over the same patents. In any event, the state court's resolution of a patent question lacks a preclusive effect in a subsequent infringement action. *Gunn*, 568 U.S. at 262–63. Even if the state court's resolution of a patent question could bind a federal court in a subsequent infringement action, the preclusive effect "would be limited to the parties and patents that had been before the state court." *Gunn*, 568 U.S. at 263. That "fact-bound and situation-specific"

preclusion fails to establish a "substantial" federal question. *Gunn*, 568 U.S. at 262–63 (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

Also, the adjudication by a district court of Alps South's state-law claims upsets the delicate "balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 264. Florida maintains a strong interest in ensuring the competence of the attorneys who counsel Floridians, and the Florida courts advance that interest partly through the adjudication of state-law malpractice claims. *See Gunn*, 568 U.S. at 264 (citing *Goldfarb v. Va. State Bar*, 421 U.S. 773 (1975)). *Gunn* observes that nothing in Section 1338 demonstrates Congress's intent to prohibit a state court's adjudicating a legal-malpractice action that results from a patent action. 568 U.S. at 264 ("We have no reason to suppose that Congress — in establishing exclusive federal jurisdiction over patent cases — meant to bar from state courts state legal[-]malpractice claims simply because they require resolution of a hypothetical patent issue.").

## CONCLUSION

Because a legal-malpractice claim resulting from botched patent litigation rarely, if ever, threatens a catastrophic or systemic consequence for federal law, *Gunn* rejects the availability of a federal forum to adjudicate a state-law malpractice claim between non-diverse parties. Not an exception to the rule in *Gunn*, Alps South's state-law malpractice claims raise no "substantial" question arising under federal law, and the federal judiciary's adjudicating this action upsets comity. The action is

**DISMISSED** for lack of subject-matter jurisdiction.  The clerk is directed to terminate the pending motions and to close the case.

ORDERED in Tampa, Florida, on March 1, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE